UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLATSIX, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>BLERIM SYLEJMANI,<br><br>        Defendant. | Case No. 23-cv-02289-VKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE; SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 12 |

Plaintiff Flatsix, LLC ("Flatsix") moves for an order granting it permission to serve defendant Blerim Sylejmani by email pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Dkt. No. 12. The Court previously found the matter suitable for determination without oral argument. Dkt. No. 13; Civil L.R. 7-1(b). For the reasons discussed below, the Court grants Flatsix's motion for permission to serve Mr. Sylejmani by email.

According to the complaint, Flatsix is a Delaware corporation with its principal place of business in Wisconsin. Dkt. No. 1 ¶ 1. Mr. Sylejmani is an individual who claims to reside in Albania. *Id.* ¶ 2; Dkt. No. 12-1, Exs. B, C. Flatsix alleges that Mr. Sylejmani copied original videos from Flatsix's website, www.carecarekisok.com, and uploaded them to Mr. Sylejmani's YouTube channel without permission. Dkt. No. 1 ¶¶ 8-12. After Flatsix asked YouTube to remove the videos due to copyright infringement, Mr. Sylejmani submitted a response claiming that he owned the rights to the videos. *Id.* ¶ 14. The response included Mr. Sylejmani's full name, a physical address in Tirana, Albania, and the email address blerimss@gmail.com. Dkt. No. 12-1, Ex. C. Mr. Sylejmani also sent an email to Flatsix's founder from this same email address on April 17, 2023. Dkt. No. 1 ¶ 15; Dkt. No. 12-1, Ex. B.

1   On May 11, 2023, Flatsix filed this action asserting claims of copyright infringement, breach of contract, and unfair competition against Mr. Sylejmani. Dkt. No. 1. Flatsix reports that it has been unable to serve Mr. Sylejmani at the physical address he provided because that address appears to be fake. Dkt. No. 12-1 ¶ 6. Flatsix now requests permission to serve Mr. Sylejmani by email. *See* Dkt. No. 12.

"Rule 4(f)(3) permits service in a place not within any judicial district of the United States by means not prohibited by international agreement as may be directed by the court." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (quoting Fed. R. Civ. P. 4(f)(3)) (cleaned up). The rule does not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Id.* at 1014-15 (cleaned up). Rule 4(f)(3) requires only that service be (1) directed by the court and (2) not prohibited by international agreement. *Id*. at 1014. So long as service is "court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id*. at 1014. Any alternate means of service must comport with due process, and thus "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016 (cleaned up). The determination whether the circumstances in a particular case require alternate service of process under Rule 4(f)(3) is a matter within the Court's discretion. *Id*.

Albania is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *See* Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. Albania has not objected to any portions of the Convention, including Article 10, which allows service through "postal channels" and "directly through the judicial officers, official or other competent persons of the State of destination." *Id.*; Hague Service Convention, art. 10, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638. The Court finds persuasive the several decisions in this District that have concluded that alternate service via email, when directed by a court, does

1  not violate the Hague Convention.  *See, e.g.*, *Zoho Corp. v. Target Integration, Inc.*, No. 23-cv-
2  00054-SI, 2023 WL 2837676, at *3 (N.D. Cal. Apr. 7, 2023); *Wang v. Ehang Holdings Ltd.*, No.
3  20-cv-00569-BLF, 2020 WL 11891323, at *3 (N.D. Cal. June 29, 2020); *WeWork Cos., Inc. v.*
4  *WePlus (Shanghai) Tech. Co., Ltd.*, No. 18-cv-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal.
5  Jan. 10, 2019); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460-LHK, 2011 WL
6  2607158, at *12 (N.D. Cal. July 1, 2011).

Flatsix has demonstrated that that alternate service via email directed to Mr. Sylejmani at the blerimss@gmail.com email address is reasonably calculated to apprise Mr. Sylejmani of the pendency of this action.  Mr. Sylejmani apparently contacted Flatsix about the conduct at issue in this litigation using this email address as recently as April of 2023.  Dkt. No 12-1 ¶¶ 4-5.  Given that the physical address Mr. Sylejmani provided appears to be fake, service by email is "the method of service most likely to reach [him]."  *Rio Properties, Inc.*, 284 F.3d at 1017.  *See also id.* at 1018 ("If any method of communication is reasonably calculated to provide RII with notice, surely it is email—the method of communication which RII utilizes and prefers.").

For these reasons, the Court grants Flatsix's motion for permission to serve Mr. Sylejmani by email at blerimss@gmail.com.  Flatsix correctly notes that the 90-day time limit for service in Rule 4(m) does not apply to service of an individual in a foreign country.  Fed. R. Civ. P. 4(m); *Ho v. Pinsukanjana*, No. 17-cv-06520-PJH, 2019 WL 2415456, at *4 (N.D. Cal. June 7, 2019).  Flatsix represents that if its motion is granted, "service will be effectuated immediately by email." Dkt. No. 12 at 5.  The Court therefore directs Flatsix to file proof of service no later than **September 7, 2023**.

The Court resets the initial case management conference for **November 7, 2023 at 1:30 p.m.** by Zoom videoconference.  The parties shall file their joint case management statement by **October 31, 2023**.

//
//
//
//

3

**IT IS SO ORDERED.**

Dated: August 31, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge